IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| STEPHEN STEPHON WILLIAMS, <br> TDCJ No. 1157320, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § § <br><br><br> Civil Action No. 7:17-cv-00115-M-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Stephen Stephon Williams pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice**.

## BACKGROUND

Petitioner Stephen Stephon Williams ("Williams") is a prisoner confined in the Bill Clements Unit of the Texas Department of Criminal Justice in Amarillo, Texas. ECF No. 1 at 1. Williams was convicted on two counts of aggravated robbery on March 13, 2003. ECF No. 1 at 2; No. 15-1. He was given a sentence of sixty-five years. *Id.* On August 21, 2017, he filed a Petition for a Writ of Habeas Corpus (the "Petition"), arguing that he was denied "good-time credit toward 1/4 sentencing guidelines in his parole status due to the negative deadly weapon finding entered in his written judgment" in violation of the 14th Amendment to the Constitution. ECF No. 1 at 6.

On November 7, 2017, this Court issued an Order Directing Preliminary Response. ECF No. 9. Respondent filed a preliminary response and the state administrative record on February 5, 2018. ECF Nos. 15 and 17. Williams filed a reply on February 26, 2018. ECF No. 19.

## LEGAL STANDARD AND ANALYSIS

Williams argues that he is entitled to habeas relief because the Texas Department of Criminal Justice has him serving one-half of his sentence before he is eligible for parole, while he should only be serving one-fourth of his sentence because the trial court did not enter a finding that he used a deadly weapon in the commission of his offense. ECF No. 1 at 6. Because he misunderstands the statute's application to his conviction, the undersigned recommends that his Petition be dismissed.

Under the Texas criminal statutes in place at the time of Williams's conviction in 2003,

> An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), or (H), Article 42.12, Code of Criminal Procedure, or for an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

Tex. Gov't Code § 508.145(d) (effective Sept. 1, 1999–August 31, 2005). In other words, inmates are not eligible for parole until they have served half of their time, or at least thirty calendar years, if *either* (1) they were convicted under one of certain listed offenses described by Section 3g(a)(1), *or* (2) they were convicted of a felony in which they used or exhibited a deadly weapon. *See id.*; Tex. Crim. Proc. Code art. 42.12 § 3g (effective September 1, 2001–June 17, 2003). Aggravated robbery is one of the listed offenses for which no deadly weapon finding is required. *See* Tex. Crim. Proc. Code art. 42.12 § 3g(1)(F) (effective September 1, 2001–June 17, 2003).

Williams was convicted on two counts of aggravated robbery on March 13, 2003. ECF No.

2

1 at 2; No. 15-1. Because aggravated robbery is one of the listed offenses described by Section 3g(a)(1), it does not matter whether the trial court found that Williams used or exhibited a deadly weapon in the commission of his offense. Under the statute that was in effect at the time of Williams's offense, *any* conviction for aggravated robbery meant that the inmate was required to serve one-half of his sentence or thirty calendar years, whichever is less, before becoming eligible for parole. Williams should be eligible for parole in thirty years, as that is less than half of his sixty-five year sentence. Williams argues that he should have a similar parole classification to an offender named Kevin Dwayne Drawhorn, who was allegedly convicted of aggravated assault under Section 22.02 of the Texas Penal Code, without a deadly weapon finding. ECF No. 1 at 15–16. But Drawhorn's alleged offense of aggravated assault is not one of the listed offenses in Section 3g(a)(1), and Williams's offense of aggravated robbery is, so the two inmates are eligible for parole at different intervals in their sentences.

While Williams phrases his sole ground for habeas in terms of denial of good-time credit, his pleadings make clear that he is not complaining of any denial of good-time credit but rather that he is being held under an incorrect parole classification. *See* ECF No. 1 at 2, 4, 6, 12, 14; No. 19 at 2. But it is clear that, under the statutes in force at the time of his conviction, the Texas Department of Criminal Justice has correctly calculated that Williams is only eligible for parole after he has served half of his sentence or thirty calendar years, whichever is less. *See* ECF No. 15-1. Therefore Williams's sole ground for habeas relief is in error, and his Petition should be dismissed with prejudice for failure to state a claim upon which relief could be granted. *See Holt v. Fleming*, No. 4:03-CV-798-Y, 2003 WL 23109785, at *2 (N.D. Tex. Dec. 22, 2003), *report and recommendation adopted*, No. 4:03-CV-798-Y, 2004 WL 77841 (N.D. Tex. Jan. 15, 2004) (dismissing habeas petition with prejudice for failure to state a claim).

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 27, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE